JJ⊥



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clark Wright
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-564
Re: Effect of House Concurrent
Resolution No. 66, 42nd
Legislature, Regular Ses-
sion, page 946.

We have yours of recent date in which you submit the following question:

"When the Board of Control receives bids on cement for the State Highway Department from lumber yards in locality where the cement is to be delivered, the prices are the same or prac- tically the same, as based on retail prices for cement sold by the lumber yard to its retail trade, and, at the same time receives a bid on foreign cement at a lower price which, in the opinion of the Board of Control, is offered to the state at a competitive price, does the reso- lution prohibit the Board of Control from exer- cising its discretion in finding the bids on the American made cement to be unsatisfactory because they are apparently non-competitive and buying the foreign cement on low bid, or would the Board of Control, under the resolution, be compelled to purchase American Cement by accepting what, in its opinion, is an arbitrary and improper bid."

The resolution referred to in the question after leaving out the preamble is:

"Resolved that it is hereby declared to be the policy of the State of Texas to require the use of American made materials in the construc- tion of roads, bridges, and public buildings in all state departments and engineers are hereby requested to hereby specify goods of American manufacturers in their specifications for roads, bridges and public buildings."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 646, Revised Statutes, is:

"The Board shall in all cases reserve the
right to reject or accept any and all bids, or
reject in part if it prefers, and in such case
they may buy in the open market until a satis-
factory bid is offered."

Evidently, the purpose of the legislature in estab-
lishing first the state purchasing agent and later the State
Board of Control was to secure for the state the best prices
possible.

Our Supreme Court has recently in Caples v. Cole,
104 S. W. (2d) 203, 129 Tex. 370, decided the effect of resolutions
by the use of the following language:

"It is plain that the resolution not only
undertakes to interpret or construe what the
original act contained but also to read into
said law words and intentions not expressed in
the original act. Statutes cannot be amended
in that manner. Resolutions play their part
in our legislative history, and are often re-
sorted to for the purpose of expressing the will
of the legislature, but statutes cannot be amend-
ed by resolution. Statutes may be interpreted
or construed by the same or succeeding legisla-
tures in the manner provided by the constitution
and while such procedure is not controlling it
is persuasive with the courts in construing sta-
tutes. The constitution has clearly prescribed
the methods to be pursued in the enactment of
laws and their amendments. The resolution does
not meet the requirements prescribed by the con-
stitution and, therefore, cannot be considered
as amending the 1931 act. We must interpret
the original act as written."

Again in the City of Waco v. McCraw, 97 S. W. (2)
717, 127 Tex. 268, the court says:

"It is true that it is proper to look to
all parts of the legislative act, including the
body of the act, the caption and the emergency
clause to ascertain the legislative intent, and
when such intent is once ascertained, it is the
law. In spite of this rule, we think the words



of the emergency clause to Chapter 453, supra,
were not intended as a limitation on the act
itself but merely express the construction
placed by that legislature on an act passed by
a prior legislature. Such legislative construc-
tion is not controlling; on the other hand, it
is entitled to very little weight."

In numerous decisions the courts have laid down the
rule that the public policy of a state must be determined by
its constitution, laws and judicial decisions and that a state
has no public policy properly cognizable by the courts which
is not derived, or derivable by clear implication, from the
established laws of the state as found in its constitution,
statutes and judicial decisions. See 50 C. J. 859, Wyllie Over-
land Co. v. Chapman, 206 S. W. 978, Straus and Company v. Cana-
dian Pacific Railway Company, 173 N. E. 564, and Weeks v. New
York Life Insurance Company, 35 A. L. R. 1482.

We, therefore, answer your question by stating that
the resolution referred to in your letter does not have the
effect of amending or modifying the statutes of the state in
anywise and that a resolution cannot establish the public policy
of the state, but that the public policy of this state is estab-
lished by its statutes, constitution and court decisions and,
therefore, so far as the State Board of Control is concerned,
its duties are set out and the limits of its powers are pres-
cribed in the statutes and that this duty and this power is not
in anywise changed by the resolution. In other words, the State
Board of Control has the same powers and the same discretion
which was vested in it prior to the passage of the resolution.

The Opinion of this department dated May 25, 1938,
referred to in your inquiry is modified so as to conform to
this opinion. However it should be stated that in that Opinion
the constitutional question as to the force and effect of a re-
solution was not considered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Albert S. Rollins
Assistant

APPROVED AUG 28, 1939

ASR:FL

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN